# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DAVID SAMS, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| LOWE'S HOME CENTERS, LLC (NC), | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff David Sams ("Plaintiff" or "Mr. Sams"), by and through undersigned counsel, and files this, his Complaint for Damages against Defendant Lowe's Home Centers, LLC (NC) ("Defendant"), and respectfully shows the Court as follows:

### I. NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII").

## II. JURISDICTION AND VENUE

3.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §1343(a)(4).

4.

Defendant is a foreign limited liability company residing in this District, and the unlawful employment practices alleged in this Complaint were committed within this District.

5.

Therefore, in accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000e-5(f), venue is appropriate in this Court.

## III. <u>PARTIES</u>

6.

During Plaintiff's employment with Defendant, and at all times material hereto, Plaintiff was a resident of the State of Georgia and is subject to the jurisdiction of this Court.

7.

Defendant is a foreign limited liability company licensed to do business in Georgia, and at all times material hereto Defendant has conducted business within this District.

8.

During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII; Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(a).

9.

Defendant may be served with process by delivering a copy of the summons and complaint to its corporate registered agent at the following address: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

## IV. ADMINISTRATIVE PROCEDURES

10.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 410-2019-08520, on or about September 9, 2019; the EEOC issued the "Notice of Right to Sue" on July 27, 2020.

11.

This action has been commenced within ninety (90) days of receipt of the "Notices of Right to Sue.".

## V. FACTUAL ALLEGATIONS

12.

Defendant hired Mr. Sams on or about November 10, 2015, as a Sales Associate.

13.

Mr. Sams is a gay, white male.

14.

In or about July 2018, Mr. Sams transferred to the Macon, GA location, Lowe's Store #546, from Defendant's Warner Robbins, GA location.

15.

In or about October 2018, Michael "Shayne" Pace became the Store Manager of Lowe's Store #546 in Macon, GA.

16.

Mr. Pace began to discriminate against Mr. Sams almost immediately.

17.

Mr. Pace targeted Mr. Sams because of Mr. Sams' sexual orientation.

18.

Mr. Pace stated at a manager's meeting that he did not want a certain type of people – i.e. gay people – working at his store.

19.

Mr. Sams was often a topic at the manager's meetings led by Mr. Pace.

20.

Other employees were aware that Mr. Pace was out to get Mr. Sams.

21.

Managers Ed Hall and Jamie Fischer both told Mr. Sams to be careful, that he was being watched, and that Mr. Pace was out to get him.

22.

Mr. Pace called Mr. Sams a "lazy piece of shit."

23.

Beginning on or about November 2018, Mr. Sams made numerous complaints to the District HR Manager, Latoya Dock, about the discrimination by Mr. Pace.

24.

Mr. Sams had worked with Amy Westaway, HR Manager, at his previous store and was aware that she did not like gay people.

25.

Upon learning of Mr. Sams' complaints, Mr. Pace told another employee, "that little bastard had the nerve to make a complaint against me."

26.

Thereafter, Mr. Pace began having Mr. Sams written up for things that other employees were not disciplined for in an attempt to fire him

27.

Mr. Pace accused Mr. Sams of stealing merchandise on two separate occasions; both times Mr. Sams was cleared of any wrongdoing.

28.

Mr. Pace tried to fire Mr. Sams for time and attendance issues but was informed by HR that if he wanted to terminate Mr. Pace for that minor issue, that he would have to fire half of his store.

29.

Mr. Pace yelled at Mr. Sams for not being on the sales floor, despite Mr. Sams being on break.  He did not yell at Mr. Taver under similar circumstances

30.

Mr. Sams challenged every write up through HR and continued to complain about the discrimination by Mr. Pace.

31.

Despite his complaints, Defendant failed to take any action to stop the discrimination of Mr. Sams by Mr. Pace.

32.

Beginning in or about January 2019, Mr. Pace (white) began displaying preferential treatment towards Mr. Sams' co-worker, Terrence Taver.

33.

From January through March 2019, Mr. Pace gave Mr. Taver weekends off, while Mr. Sams was scheduled for every weekend but one during the same time frame.

34.

From January through March 2019, Mr. Pace gave Mr. Taver opportunities for overtime, while denying Mr. Sams' request for the same.

35.

Mr. Sams complained about the preferential treatment given to Mr. Taver to Manager Hall and Department Manager Louis Amensec, but nothing changed.

36.

Mr. Hall told Mr. Sams that the scheduling and overtime opportunities were made at the direction of Mr. Pace, and that there was not anything he could do about it.

37.

Ms. Dock advised Mr. Sams to file a complaint with Corporate HR, which he did on or about March 6, 2019.

38.

On March 15, 2019, Defendant terminated Mr. Sams' employment.

39.

Defendant alleged that the termination was the result of a customer complaint, which was not true.

40.

Defendant chose not to take reasonable steps to prevent discrimination from occurring, despite its knowledge of its employee's propensity for discrimination.

41.

Defendant failed to take appropriate remedial actions to correct the discrimination and retaliation.

42.

Defendant terminated Mr. Sams because of his complaints of discrimination and retaliation.

43.

Defendant's proffered reason for terminating Mr. Sams's employment is a pretext for retaliation.

44.

Defendant created a hostile work environment that Mr. Sams was required to endure as a condition of his employment.

## VI. CLAIMS FOR RELIEF

### COUNT ONE: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

45.

Plaintiff re-alleges the paragraph numbers 12-44 as if set forth fully herein.

46.

Defendant's actions in terminating Plaintiff's employment constitutes unlawful discrimination on the basis of his gender and/or sexual orientation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981a.

47.

Defendant willfully and wantonly disregarded Plaintiff's rights, and their discrimination against Plaintiff was undertaken in bad faith.

48.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect his status as an employee because of his gender and/or sexual orientation.

49.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

50.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## **COUNT TWO:  RETALIATION IN VIOLATION OF TITLE VII**

51.

Plaintiff re-alleges the paragraph numbers 12-44 as if set forth fully herein.

52.

Plaintiff's complaints to Defendant that he was being discriminated against constitutes conduct protected under Title VII.

53.

Defendant's termination of Plaintiff's employment because of his complaints of discrimination constitutes unlawful retaliation in violation of Title VII.

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for relief as follows:

(a)  General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)  Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)  Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)  Reasonable attorneys' fees and expenses of litigation;

(e)  Trial by jury as to all issues;

(f)  Prejudgment interest at the rate allowed by law;

(g)  Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)  Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and,

(i)  All other relief to which he may be entitled.

Respectfully submitted the 15th day of October, 2020.

**BARRETT & FARAHANY**

*/s/ Adian R. Miller*
Adian R. Miller
Georgia Bar No. 794647

1100 Peachtree Street, Suite 500
Atlanta, GA 30309
(404) 214-0120
adian@justiceatwork.com